**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

GARY RODNEY                                                      CIVIL ACTION NO.

VERSUS                                                              14-368-SDD-SCR

WILLIAMS OLEFINS, L.L.C.

**RULING**

This matter is before the Court on the *Motion for Summary Judgment*[1] filed by Defendant, Williams Olefins, L.L.C. ("Defendant"). Plaintiff, Gary Rodney ("Plaintiff") has filed an *Opposition*[2] to this motion, to which the Defendant filed a *Reply*.[3] For the reasons that follow, the Court finds that the Defendant's motion should be granted.

**I.    FACTUAL BACKGROUND**

On June 13, 2013, Plaintiff was employed by Brock Services and performing work at the Defendant's Geismar Plant when an explosion occurred and allegedly caused Plaintiff's injuries. Plaintiff filed suit against the Defendant claiming that it was negligent in causing the explosion. At the time of this accident, Plaintiff was performing work pursuant to a Master Services Agreement No. UCN115357 dated January 1, 2012, and Request for Services/Labor Contract No. UCN116545 (collectively "the Contract") which set forth the respective obligations between Defendant and Brock Services ("Brock").

Under the terms of the Contract, Brock was to provide onsite scaffolding,

---
[1] Rec. Doc. No. 34.
[2] Rec. Doc. No. 36.
[3] Rec. Doc. No. 37.
28400

insulation, and asbestos abatement services through its employees and statutory employees covered by the Contract.[4] The Contract also provided that Defendant was a statutory employer of Brock's direct and statutory employees under Louisiana law.[5] The Contract also detailed that the products and services required by Brock were an integral part of, and essential to, the Defendant's ability to generate products and services.[6] Paragraph 44 reads as follows:

> Company and Contractor agree that Company shall be and hereby is designated as the statutory employer of Contractor's direct and statutory employees, pursuant to La. Rev. Stat. § 23:1061(A)(3). Company and Contractor further agree that the products and services required of Contractor and its direct and statutory employees pursuant to this Master Agreement are an integral part of and essential to Company's ability to generate products and services. This provision is included for the sole purpose of establishing a statutory employer relationship to gain the benefits expressed in LSA-R.S. 23:1031(C-E) and LSA-R.S. 23:1061(A), and is not intended to create an employer/employee relationship for any other purpose. Irrespective of Company's status as the statutory employer or special employer (as defined in LSA-R.S. 23:1031(C) et. seq.) of Contractor's employees, Contractor shall remain primarily responsible for the payment of Louisiana Worker's Compensation benefits to their employees.

The Defendant moves for summary judgment based on the statutory employer doctrine in the Louisiana Workers' Compensation Act ("LWCA")[7] based on the clear terms of the Contract. Notably, Plaintiff filed an identical suit in state court against this Defendant, which was dismissed with prejudice based on Defendant's statutory employer defense.[8]

---

[4] *See* Rec. Doc. Nos. 34-3 & 34-4.
[5] La. R.S. § 23:1061(A)(3).
[6] Rec. Doc. No. 34-4, p. 11, ¶ 44.
[7] La. R.S. § 23:1021, *et seq.*
[8] *Gary Rodney v. Williams Olefins, L.L.C.*, 19th JDC, No. 631310, Section 24.
28400

## II. LAW & ANALYSIS

### A. Summary Judgment Standard[9]

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[10]  "When assessing whether a dispute to any material fact exists, we consider all of the evidence in the record but refrain from making credibility determinations or weighing the evidence."[11]  A party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case."[12]  If the moving party satisfies its burden, "the non-moving party must show that summary judgment is inappropriate by setting 'forth specific facts showing the existence of a genuine issue concerning every essential component of its case.'"[13]  However, the non-moving party's burden "is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence."[14]

Notably, "[a] genuine issue of material fact exists, 'if the evidence is such that a

---

[9] The Court notes Defendant's assertion that Plaintiff failed to comply with Local Civil Rule 56(b) in filing "a statement of material facts as to which the opponent contends there exists a genuine issue to be tried."  Plaintiff ultimately filed such a document (Rec. Doc. No. 38); however, this filing was untimely, without leave of Court, and without any reason for the delay.  Thus, while Defendant is technically correct, out of an abundance of caution, and because it does not change the Court's ruling in this matter, the Court will consider Rec. Doc. No. 38 properly filed.

[10] Fed. R. Civ. P. 56(a).

[11] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008).

[12] *Guerin v. Pointe Coupee Parish Nursing Home*, 246 F.Supp.2d 488, 494 (M.D. La. 2003)(quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc)(quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25, 106 S.Ct. at 2552)).

[13] *Rivera v. Houston Independent School Dist.,* 349 F.3d 244, 247 (5th Cir. 2003)(quoting *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998)).

[14] *Willis v. Roche Biomedical Laboratories, Inc.,* 61 F.3d 313, 315 (5th Cir. 1995)(quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

28400

reasonable jury could return a verdict for the nonmoving party.'"[15] All reasonable factual inferences are drawn in favor of the nonmoving party.[16] However, "[t]he Court has no duty to search the record for material fact issues. Rather, the party opposing the summary judgment is required to identify specific evidence in the record and to articulate precisely how this evidence supports his claim."[17] "Conclusory allegations unsupported by specific facts … will not prevent the award of summary judgment; 'the plaintiff [can]not rest on his allegations … to get to a jury without any "significant probative evidence tending to support the complaint."'"[18]

### B. The Statutory Employer Doctrine

Under Louisiana Workers' Compensation Law, when a "principal" hires a contractor to perform work that is "a part" of the principal's "trade, business, or occupation," the principal is liable to pay workers' compensation benefits to any injured employee of the contractor.[19] In such instances, the principal is commonly referred to as the "statutory employer." In exchange for the responsibility placed on statutory employers, the statute affords them immunity from tort liability to their statutory employees.[20] Thus, a principal is immune from tort liability if the contract work was a part of the principal's trade, business, or occupation.[21] The law further provides that a written contract establishes a rebuttable presumption of a statutory employee-employer relationship, which may be defeated by showing that "the work being performed is not

---

[15] *Pylant v. Hartford Life and Accident Insurance Company*, 497 F.3d 536, 538 (5th Cir. 2007)(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).
[16] *Galindo v. Precision American Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985).
[17] *RSR Corp. v. International Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010).
[18] *Nat'l Ass'n of Gov't Employees v. City Pub. Serv. Bd. of San Antonio, Tex.*, 40 F.3d 698, 713 (5th Cir. 1994)(quoting *Anderson*, 477 U.S. at 249).
[19] La. R.S. § 23:1061.
[20] La. R.S. § 23:1032.
[21] *Salsbury v. Hood Indus., Inc.*, 982 F.2d 912, 913–14 (5th Cir. 1993).
28400

an integral part of or essential to the ability of the principal to generate the individual principal's goods, products, or services."[22]

Plaintiff contends that the Contract does not entitle the Defendant to statutory employer immunity for several reasons.  First, Plaintiff contends that the parties are not of equal bargaining power, and the Defendant is free to "dictate any terms it so desires."[23]  Further, Plaintiff himself is not a party to the Contract, and he contends Brock cannot surrender Plaintiff's legal rights without his consent.  Plaintiff also contends that the separate contract governing the services Brock was performing lacks any designation of statutory employer status.  Plaintiff also argues that the Contract "has contradictory terms, ambiguity and a lack of defined object of conventional obligation attempted to be created."[24]  In particular, Plaintiff contends that the plain language of Paragraph 19 entitled "Independent Contractor"[25] states that he cannot be deemed an employee of Defendant under any circumstances.  Additionally, Plaintiff avers that the insurance provision in Paragraph 12 requiring Brock to provide insurance with the Defendant as an additional insured further reveals the lack of any risk taken on the part of the Defendant.[26]  Plaintiff argues that Paragraph 44, by which Defendant claims statutory employer immunity, "has no force and effect," because it "attempts to make a legal determination" regarding "an undetermined product and undetermined service."[27]  Finally, Plaintiff maintains that, because the Contract makes Brock "primarily

---

[22] La. R.S. § 23:1061(A)(3).
[23] Rec. Doc. No. 36, p. 2.
[24] *Id.*
[25] Rec. Doc. No. 34-4, p. 4.
[26] *Id.* at p. 3, ¶ 12.
[27] Rec. Doc. No. 36, p. 4.
28400

responsible"[28] for the payment of workers' compensation benefits, the Defendant cannot receive tort immunity under Louisiana law because it has contracted out of paying workers' compensation benefits.

### 1. The Obligation to Pay Compensation

The language in Paragraph 44 of the Contract states that the "Contractor shall remain primarily responsible for the payment of Louisiana Workers' Compensation benefits to their employees."[29] Plaintiff contends that such a provision precludes statutory employer immunity because, under the law, it constitutes the illegal contracting out of paying for workers' compensation benefits under La. R.S. 23:1033.[30] Plaintiff relies in large part on *Prejean v. Maintenance Enterprises, Inc.*[31] This reliance is misplaced.

In *Prejean*, the plaintiff brought a tort action against his employer (MEI) and a refinery (Murphy Oil) seeking damages for injuries sustained while performing work at Murphy's refinery.[32] The Louisiana Fourth Circuit Court of Appeals held that the contract between Murphy and MEI was invalid because the specific contractual language permitted Murphy to pay worker's compensation benefits only if "the direct employer ... is unable to pay."[33] The specific language of the contract was troubling to the Court because it reasoned that the plaintiff would have to expend a considerable amount of resources just "to prove that his direct employer was 'unable' to pay him

---

[28] Rec. Doc. No. 34-4, p. 11, ¶ 44.
[29] *Id.*
[30] La. R.S. § 23:1033 states: "No contract, rule, regulation or device whatsoever shall operate to relieve the Employer, in whole or in part, from any liability created by this chapter."
[31] 2008-0364 (La. App. 4 Cir. 3/25/09), 8 So.3d 766.
[32] *Id.*
[33] *Id.* at 775.
28400

benefits," before moving to the merits of the case.[34] The present case is distinguishable, however, because the contract between Brock and the Defendant does not contain specific contractual language that would create a similar perquisite.

Moreover, the *Prejean* court implicitly upheld the contractual provision that is in dispute in this case. *Prejean* cites a contractual provision from *Smith v. Marathon Ashland Petroleum LLC,*[35] which the *Prejean* court found acceptable. In *Smith,* the court upheld the following statutory employer language.

> "... regardless of any other relationship or alleged relationship between the parties [sic] employees, contractor shall be and remain at all times **primarily responsible** for the payment of Louisiana Worker's Compensation Benefits to its employees, and neither contractor not its underwriter shall be entitled to seek contribution for any such payment form company."[36]

The provision upheld by the *Smith* court, and found acceptable in *Prejean*, is nearly identical to the provision between Brock and the Defendant in the case before the Court. Furthermore, the *Prejean* court expressly stated that none of its discussion precluded "either the statutory employer or the direct employer from contracting as between themselves rights of contribution or indemnification."[37] This holding, and the clear language of La. R.S. 23:1031(B),[38] also forecloses Plaintiff's argument regarding the insurance requirement in Paragraph 12 of the Contract.

Plaintiff has failed to create a genuine issue of material fact as to the validity of this particular provision in Paragraph 44 regarding responsibility to pay workers'

---

[34] *Id.*
[35] 04–517 (La.App. 5 Cir. 10/26/04), 887 So.2d 613.
[36] *Id.* at 617 (emphasis added).
[37] *Prejean*, 8 So.3d at 774; *See also English v. Apache Corp.*, No. 10-4419, 2011 WL 3352011 at *8 (E.D. La. Aug. 3, 2011).
[38] Indeed, the LWCA expressly provides that "nothing in this Section shall prevent any arrangement between the employers for different distribution, as between themselves, of the ultimate burden of such payments." La. R.S. § 23:1031(B).

compensation benefits. This language has clearly been upheld by other courts. This Court likewise finds no reason to declare such a provision invalid.[39]

### 2. The Scope of the Work

Plaintiff also contends that the Contract cannot control the specific work activity being performed by Plaintiff at the time of the explosion because the Contract's terms in Paragraph 3 state that "[e]ach request for services creates a separate contract between the Contractor and the Company that signed the request for services."[40] Because the determination of statutory employer status must be judged by the scope of the work being performed in the specific request for services, Plaintiff argues the Court lacks the ability to make such a determination without reference to the specific activity being performed on the date of the accident.

To counter Plaintiff's assertion, Defendant points to the "Request for Services" ("RFS") agreements which are "part and parcel" of the Master Services Agreement No. UCN115357 dated January 1, 2012.[41] Defendant contends the RFS easily negates Plaintiff's allegations as the RFS clearly outlines the scope of work to be performed by Brock employees: to "provide Labor, Supervision, Tools, and Equipment necessary to provide onsite Scaffolding, Insulation and Asbestos Abatement Services... ."[42] The Request for Services is incorporated into the Master Service Agreement by reference in Paragraph 3.[43] The summary judgment evidence offered by the Defendant is the contract, which incorporates the RFS, and Plaintiff offers nothing in opposition to rebut

---

[39] The Plaintiff also relies on *Smith v. Brown*, 2011-1749 (La. App. 1 Cir. 8/15/12), 97 So.3d 1186. As *Smith v. Brown* does not involve a statutory employer provision, the Court finds it inapplicable to this analysis.
[40] Rec. Doc. No. 34-4, p. 2, ¶ 3.
[41] Rec. Doc. No. 37, p. 4.
[42] Rec. Doc. No. 34-4, p. 16.
[43] Rec. Doc. No. 34-4, p. 2.
28400

this evidence. The Court finds that there is no genuine issue of material fact whether Plaintiff was preforming work that was an integral part of, or essential to, the ability of the principal to generate its products or services.

### 3. The Independent Contractor Provision

Plaintiff argues that the Independent Contractor provision[44] conflicts with the Statutory Employer provision and makes it impossible to for him to be considered an "employee" of Defendant in any manner. This argument is without merit. Courts have previously rejected such arguments, finding that "there is no conflict between ... [an] independent contractor and the amendment to the agreement defining ... [the defendant] as a statutory employer."[45] In addition, "[e]ven if a worker is found to be an independent contractor, he may still be subject to the worker's compensation ... [as] a statutory employee under Louisiana Revised Statutes 23:1032 or 23:1061.13.[46]

---

[44] Rec. Doc. No. 34-4, p. 4, ¶ 19.
[45] *Johnson v. Tennessee Gas Pipeline Co.*, 99 F. Supp.2d 755, 758 (E.D. La. 2000); *see also Taylor v. CITGO Petroleum Corp.*, No. 11CV1292, 2012 WL 3707480 at *4 (W.D. La. Aug. 24, 2012).
[46] *Salmon v. Exxon Corp.*, 824 F.Supp. 81, 84 (M.D.La. 1993).
28400

### III. CONCLUSION[47]

For the reasons set forth above, and because no material fact issues are present in this case, the Defendant's *Motion for Summary Judgment* [48] is GRANTED.

Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on <u>September 8, 2015</u>.

                          *Shelly D. Dick*
                          **JUDGE SHELLY D. DICK**
                          **UNITED STATES DISTRICTCOURT**
                          **MIDDLE DISTRICT OF LOUISIANA**

---

[47] The Court has considered all of the arguments of the parties whether or not specifically addressed herein.
[48] Rec. Doc. No. 36.
28400